**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 18-1459

WILLIAMSPORT HOSPITAL,
d/b/a Williamsport Regional Medical Center,
                                                                          Appellant

v.

SECRETARY, UNITED STATES DEPARTMENT OF HEALTH AND
HUMAN SERVICES; UNITED STATES DEPARTMENT OF HEALTH AND
HUMAN SERVICES; ADMINISTRATOR CENTERS FOR MEDICARE &
MEDICAID SERVICES; UNITED STATES CENTERS FOR MEDICARE AND
MEDICAID SERVICES; ROBERT G. EATON, Chairman, Medicare Geographic
Classification Review Board; THE MEDICARE GEOGRAPHIC
CLASSIFICATION BOARD

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court No. 4-17-cv-00393)
District Judge: Honorable Mathew W. Brann

Argued on November 6, 2018

Before: AMBRO, SCIRICA and RENDELL, Circuit Judges

(Opinion filed: January 18, 2019)

Matthew G. Boyd
Elliott Greenleaf, P. C.
201 Penn Avenue, Suite 202
Scranton, PA  18503

Thomas B Helbig, Jr.
Timothy T. Myers     **(Argued)**
Elliott Greenleaf, P.C.
925 Harvest Drive
Suite 300
Blue Bell, PA   19422

        Counsel for Appellant


Samuel S. Dalke
Office of United States Attorney
228 Walnut Street
P. O. Box 1754
220 Federal Building and Courthouse
Harrisburg, PA   17108

Anna T. Greene     **(Argued)**
United States Department of Health and Human Services
Office of General Counsel CMS Division
200 Independence Avenue, S.W.
Washington, DC   20201

        Counsel for Appellee

O P I N I O N[1]

**RENDELL**, *Circuit Judge*:

Williamsport Hospital ("Williamsport") sued the Department of Health and Human Services ("Department") after the Medicare Geographic Classification Review Board ("Board") denied its application to reclassify to a different wage index for purposes of Medicare reimbursement. Williamsport raised claims under the

---

[1] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

Administrative Procedure Act ("APA"), the Medicare Act and the Equal Protection Clause of the United States Constitution.  We do not reach the merits of those claims, however, because Williamsport's suit amounts to a request to review the Board's decision denying its application, and 42 U.S.C. § 1395ww(d)(10)(C)(iii)(II) precludes such review.  We will therefore dismiss the appeal.

## Background

The dispute arises in the aftermath of the Third Circuit's decision in *Geisinger Cmty. Med. Ctr. v. Sec'y U.S. Dep't of Health & Human Servs.*, 794 F.3d 383 (3d Cir. 2015), which struck down the Secretary of Health and Human Services "Reclassification Rule".  The Reclassification Rule addressed what the Secretary believed to be a conflict between two statutory provisions governing hospitals' geographic classifications— Section 401 and 42 U.S.C. § 1395ww(d)(10). Hospitals are generally classified as either urban or rural. Section 401 allows an urban hospital to apply to the Secretary to classify as rural, and be designated a Rural Referral Center ("RRC") to receive favorable inpatient and outpatient reimbursements as well as critical access hospital eligibility.  Under § 1395ww(d)(10), hospitals can apply to the Board for classification into wage indexes, which affects the amount of wage reimbursement they receive.  To apply to a certain geographic wage index, the hospital must be in "close proximity" to that wage index.  Different rules govern close proximity: an urban hospital must be within a 15-mile radius of the wage index for which it is applying, while a rural hospital or a hospital designated as a RRC has a 35-mile radius.  As a result, an urban hospital could be classified as rural/RRC under Section 401, and then use that classification under § (d)(10) to receive

3

the more favorable 35-mile radius proximity rule. The Secretary promulgated the Reclassification Rule to prevent these conflicting classifications by requiring urban hospitals seeking classification under § (d)(10) to first cancel their Section 401 rural/RRC classification. In *Geisinger*, we held the Reclassification Rule invalid because Congress intended to allow multiple classifications for differing purposes when it enacted Section 401. *Geisinger,* 794 F.3d at 393.

Williamsport was subject to the Reclassification Rule in 2012, when it cancelled its Section 401 rural/RRC status. In July 2015, one month before Williamsport submitted its § (d)(10) reclassification request for FY2017, we decided *Geisinger*. In its FY2017 application, Williamsport applied for geographic reclassification to a different urban wage index 20 miles away. Applying the proximity rules, if Williamsport had its rural/RRC status, which it had cancelled in 2012 due to the Reclassification Rule, the Board would have approved its classification. However, Williamsport, believing that the *Geisinger* decision meant its prior forced cancellation of its rural status was unlawful and in effect a nullity, expected the Board to use the rural proximity rules and approve its application. The Board, instead applied the urban proximity test, and denied the request for reclassification because Williamsport applied to a wage index outside the 15-mile radius.

After *Geisinger*, the Second Circuit also found the Reclassification Rule unlawful in *Lawrence + Mem'l Hosp. v. Burwell*, 812 F.3d 257 (2d Cir. 2016). This prompted the Secretary to issue an Interim Final Rule ("IFR") in April 2016 repealing the Reclassification Rule nationwide. The IFR also permitted hospitals with FY2017

4

applications currently on appeal, and all FY2018 applications, to receive "the opportunity to seek rural reclassification for IPPS payment and other purposes and keep their existing [Board] reclassification."  Modification of Limitations on Redesignation by the Medicare Geographic Classification Review Board, 81 Fed. Reg. 23428 (Apr. 21, 2016).  Because the Board denied Williamsport's FY2017 application, and Williamsport did not appeal the result, its classification became final, and thus it did not receive the benefit of the IFR.  This suit followed.

## Proceedings Below

Williamsport sued in the United States District Court for the Middle District of Pennsylvania, alleging violations of the APA, Medicare Act, and the Equal Protection Clause.  It alleged that the Board and the Secretary violated the APA because, after *Geisinger*, the Administrator (whom the Secretary authorizes to hear appeals from the Board) failed to exercise his discretion to review the Board's denial of Williamsport's reclassification request.  In addition, Williamsport alleges the IFR is arbitrary and capricious, and denies it equal protection because it treats FY2018 applications and FY2017 applications on appeal different from FY2017 applications that did not appeal and thus became final.  Williamsport also alleges that the Secretary and the Board continued to apply the Reclassification Rule after *Geisinger*, in violation of the Medicare Act.

The District Court requested supplemental briefing on twelve issues, including, *inter alia*, (1) whether Williamsport had alleged that the agency failed to take a "discrete action" as required by § 701 of the APA and (2) whether Williamsport has standing to

sue because it was not a Section 401 rural hospital at the time of its reclassification request.

In the Order that followed, the District Court held that Williamsport failed to identify any "discrete agency action" Defendants were "required to take" under the APA. App. 28 (quoting *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004)). The District Court also found Williamsport lacked standing.[2] The District Court granted Defendant's motion on the Pleadings and dismissed the case with prejudice without leave to amend. Williamsport appealed the District Court's ruling, which we now review.

## Analysis

**1. Williamsport has standing to sue.**

Because lack of standing would deprive us of jurisdiction to review Williamsport's claims, and the District Court addressed it, we begin there. The plaintiff has the burden to establish standing. *Finkelman v. N.F.L.*, 810 F.3d 187, 194 (3d Cir. 2016). To meet the Article III requirements of standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). "Although standing and merits questions may involve overlapping facts, standing is generally an inquiry about the plaintiff: is this the right person to bring this claim." *Davis v. Wells Fargo*, 824 F.3d 333, 348 (3d Cir.

---

[2] The District Court reasoned that because Williamsport voluntarily relinquished its Section 401 rural/RRC status in 2012, and never sought reclassification, it was an urban hospital seeking to reclassify under rules applicable to rural hospitals. As a result, it was not a Section 401 rural/RRC hospital seeking reclassification at the time its request was denied, and thus lacked standing to sue.

2016) (citing *Flast v. Cohen*, 392 U.S. 83, 99 (1968) ("The fundamental aspect of standing is that it focuses on the party seeking to get his complaint before a federal court and not on the issues he wishes to have adjudicated.")).

Here, we disagree with the District Court and conclude that Williamsport has standing to sue. Williamsport has stated an injury: being denied reclassification to a different wage index 20 miles away, purportedly because the Board applied the Reclassification Rule to its application, resulted in financial loss. *Cottrell v. Alcon Lab.*, 874 F.3d 154, 163 (3d Cir. 2017) ("Typically, a plaintiff's allegations of financial harm will easily satisfy each of these components[.]"). That injury can be fairly traceable to the Department's conduct: The Department is charged with the administration of geographic classifications and the related rule-making, the Board denied the application, and the Administrator did not review the denial. And, a judicial decision could, in theory, remedy the Department's conduct. While the District Court concluded that "Williamsport Hospital cannot establish that its injury was caused by Defendant's continued application of the Reclassification rule after *Geisinger*, since its FFY 2017 reclassification *was never subject to the Reclassification Rule*[,]" App. 31 (emphasis in original), whether the conduct pleaded actually violates the APA, Equal Protection Clause, or the Medicare Act are merits determinations that we do not evaluate at the standing stage.

### 2. **We are barred from reviewing Williamsport's claims.**

We nonetheless hold that we are barred from reviewing Williamsport's claim. There is a strong presumption of judicial review of final agency decisions, but a statute

7

can preclude our review. *Block v. Cmty. Nutrition Inst.*, 467 U.S. 340, 348 (1984). The agency must show by "clear and convincing evidence" that Congress intended to preclude review. *Bowen v. Mich. Acad. of Family Physicians*, 476 U.S. 667, 671 (1986). To determine if a statute does so, we look to the "express language[,] . . . the structure of the overall statutory scheme, its objectives, its legislative history, and the nature of the administrative action involved." *Block*, 467 U.S. at 345. Here, the relevant statute provides:

> (ii) A hospital requesting a change in geographic classification under clause (i) for a fiscal year shall submit its application to the Board not later than the first day of the 13-month period ending on September 30 of the preceding fiscal year.
> (iii)
>> … (II) Appeal of decisions of the Board shall be subject to the provisions of section 557b of Title 5.[3] The Secretary shall issue a decision on such an appeal not later than 90 days after the date on which the appeal is filed. **The decision of the Secretary shall be final and shall not be subject to judicial review.**

42 U.S.C. § 1395ww(d)(10)(C)(iii)(II) (emphasis added). The express language clearly bars our review of the decision of the Secretary.

Williamsport argues that the statute only bars review of the *Secretary's* decision, not the Board's decision, and because Williamsport did not seek an appeal of the Board's

---

[3] Section 557(b) provides "When the agency did not preside at the reception of the evidence, the presiding employee or, in cases not subject to section 554(d) of this title, an employee qualified to preside at hearings pursuant to section 556 of this title, shall initially decide the case unless the agency requires, either in specific cases or by general rule, the entire record to be certified to it for decision. **When the presiding employee makes an initial decision, that decision then becomes the decision of the agency without further proceedings unless there is an appeal to, or review on motion of, the agency within time provided by rule.**" 5 U.S.C. § 557(b) (emphasis added).

decision to the Secretary, its claims can be reviewed. This position is untenable. As we have previously noted, a court does not have jurisdiction "over the final decision of the MGCRB or the HCFA Administrator denying the Hospital's application for reclassification." *Robert Wood Johnson Univ. Hosp. v. Thompson*, 297 F.3d 273, 280 (3d Cir. 2002). Holding otherwise would be inconsistent with Congress' reason for precluding review: to ensure the Secretary can comply with its budget-neutrality requirement. *See Skagit Cty. Pub. Hosp. v. Shalala*, 80 F.3d 379, 385 (9th Cir. 1996) ("[T]he preclusion of judicial review makes the reclassification decisions final…[,] thus allowing the Secretary to determine payment rates and ensure budget neutrality."). Permitting review of the Board's decision, while barring review of the Secretary's decision, would defeat the purpose of a regime designed to ensure the Secretary can comply with the mandate for budget-neutrality. As a result, we are barred from reviewing Williamsport's claims, even though they did not appeal the decision to the Secretary.

Williamsport argues that, even if the statute bars review of the Board's decision, it is not challenging the Board's decision but rather the underlying policies and practices that led to the Board's denial of its application. Although a statute may bar review of an agency's determinations, "challenges to the validity of the Secretary's instructions and regulations are not impliedly insulated from judicial review." *Bowen*, 476 U.S. at 678. That is to say, if a statute bars review of an agency's decision, an aggrieved party can still challenge the rules that led to the determination, without challenging the determination itself. *See, e.g.*, *McNary v. Haitian Refugee Ctr., Inc.*, 498 U.S. 479, 494 (1991)

9

("Because respondents' action does not seek review on the merits of a denial of a particular application, the District Court's general federal-question jurisdiction under 28 U.S.C. § 1331 to hear this action remains unimpaired[.]").

Several courts have recognized this exception may swallow the rule if litigants are permitted to frame any challenge to the agency's decision as a challenge to the underlying policies and practices. As a result, "if a procedure is challenged only in order to reverse the individual reclassification decision, judicial review is not permitted." *Skagit*, 80 F.3d at 386. The Ninth Circuit's decision in *Skagit* is instructive. There, the agency denied the hospital's (Island's) application for reclassification based on the agency's calculation of Island's fringe benefits. *Id.* at 383. In the District Court, Island alleged it is challenging the "'collateral' decision disallowing most of the claimed fringe benefits corrections to Island's 1988 wage data survey and the 'methods' by which the reclassification decision was reached." *Id.* at 385. Relying primarily on the relief requested, the District Court disagreed with the hospital's characterization of its claim:

> Island asks this court to "direct the trial court to enter summary judgment in Island's favor, and instruct the trial court to order that the MGCRB decision be set aside, the MGCRB reclassify Island, and HCFA award Island its appropriate share of Medicare reimbursement for FFY 1994." Insofar as Island's challenge could have been interpreted as a request for injunctive or declaratory relief regarding HCFA's regulations or procedures, the challenge is moot. HCFA no longer employs the 1988 wage survey data or the process previously used to correct that survey.

*Id.* at 386. The Ninth Circuit is not alone in barring claims that essentially request us to review the specific denial rather than the agency's policy. *See Palisades Gen. Hosp. Inc. v. Leavitt*, 426 F.3d 400, 405 (D.C. Cir. 2005) ("The proposition that hospitals may

10

challenge the *general rules* leading to denial is therefore inapplicable here, where the hospital's challenge is no more than an attempt to undo an individual denial of reclassification." (emphasis in original)); *Dubois Reg'l Med. Ctr. v. Shalala*, No. 94-154J, 1996 WL 636137, at *4 (W.D. Pa. Sept. 3, 1996) *aff'd* 118 F.3d 1575 (3d Cir. 1997) (not published) ("Clearly, the primary objective of [the] lawsuit is to overturn the Secretary's denial of reclassification . . . [,] which is not permissible under the Medicare statutory scheme." (Internal citation omitted) (Smith, J.)).

Here, one needs to look no further than Williamsport's request for relief to determine that its primary objective is to overturn the Board's decision, and not to challenge the underlying policies of the Board. It seeks "specific relief . . . by **reclassifying Williamsport Hospital** into the Bloomsburg-Berwick CBSA wage index through FFY 2019 and by **reimbursing Williamsport Hospital** using the Bloomsburg-Berwick wage index until the end of FFY 2019; and . . . **to provide payment of specific relief** by way of monetary payments to Williamsport Hospital for the funds that…CMS should have reimbursed Williamsport Hospital[.]" App. 54-55 (emphasis added). Rather than the injunctive or declaratory relief typical of a case challenging an underlying policy or practice, Williamsport's requests for relief are retroactive and monetary.[4]

---

[4] The fact that Williamsport raises a constitutional claim, *i.e.*, that the IFR violated the Equal Protection Clause, does not produce a different result, as that claim is premised on the same violations of the Medicare statute and APA as the statutory claims, and amounts to a substantive challenge to the Board's determination. *See, e.g.*, *Santa Cruz Cty. v. Sebelius*, No. 07-02888, 2012 WL 6024442, at * 3 (N.D. Cal. Dec. 4, 2012) ("Although Plaintiffs' claims are labeled as claims for violation of equal protection, these claims are premised on the statutory scheme and allege that the Medicare statute was not properly followed. Plaintiffs cite[d] authority for the proposition that the rational basis test and the

Williamsport points to *Geisinger* as evidence of the permissibility of its claims. But in *Geisinger* the agency's rule and policies were at issue, and

> the parties [] stipulated and agreed that the Board will not render any decision on Geisinger's applications before January 1, 2015. As such, there is no Board determination to challenge. Geisinger is seeking to challenge the general regulation which renders ineligible for reclassification any hospital which has already been reclassified under Section 401. This challenge seeks to bar the application of the regulation in general, not just to Geisinger specifically.

*Geisinger v. Burwell*, 73 F. Supp. 3d 507, 514 (M.D. Pa. 2014). Unlike Geisinger, the Board here had denied Williamsport's application, and the Board's determination is central to Williamsport's complaint.[5]

As a result, Williamsport's claims amount to a challenge of the Board's decision to deny Williamsport's reclassification to a wage index 20 miles away, which U.S.C. § 1395ww(d)(10)(C)(iii)(II) precludes us from reviewing.

**Conclusion**

We do not have subject matter jurisdiction to review Williamsport's claims, pursuant to U.S.C. § 1395ww(d)(10)(C)(iii)(II), and the appeal is therefore dismissed.

---

arbitrary and capricious standard under the Administrative Procedure Act ("APA") are analogous.").

[5] To the extent Williamsport challenges the Reclassification Rule itself, that challenge is moot. *Geisinger*, 794 F.3d at 386. And to the extent Williamsport challenges the IFR, that too is moot, as FY 2017 has passed, and Williamsport re-applied for Section 401 rural/RRC status, which the regional office granted, and the Board approved its FY2018 reclassification request.